DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INNOVATIVE COMMUNICATION | ) | Bankruptcy No. 3:07-30012 |
| CORPORATION, | ) | |
| | ) | Adv. No. 3:09-03070 |
| Debtor. | ) | Adv. No. 3:09-03089 |
| ─────────────────────── | ) | |
| | ) | |
| JAMES P. CARROLL, | ) | |
| LIQUIDATION TRUSTEE OF THE | ) | |
| LIQUIDATION TRUST FOR THE | ) | |
| BANKRUPTCY ESTATES OF | ) | |
| INNOVATIVE COMMUNICATION | ) | |
| COMPANY, LLC, EMERGING | ) | |
| COMMUNICATIONS, INC., AND | ) | Civil No. 2014-35 |
| INNOVATIVE COMMUNICATION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT F. CRAIG, P.C., and | ) | |
| PETER WEISMAN ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────── | ) | |

**ATTORNEYS:**

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
**Gary D. Underdahl, Esq.**
**Joseph Steinfeld, Jr., Esq.**
ASK LLP
St. Paul, MN
    *For James P. Carroll, Liquidation Trustee.*

**Jeffrey B. Moorehead, Esq.**
**Jeffrey B.C. Moorehead, Esq.**
Jeffrey B.C. Moorehead, P.C.
St. Croix, VI
    *For the defendants.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of defendant Peter Weisman ("Weisman") for leave to appeal an interlocutory order rendered by the bankruptcy division of this Court (the "Bankruptcy Division").[1]

> [T]he vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.

*Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Under 28 U.S.C. § 1292, "the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Bankruptcy proceedings are also governed both by the federal rules and by this Court's Local Bankruptcy Rules. In

---

[1] The defendant originally was joined by three other defendants, Prosser & Campbell, P.C. ("Prosser"), Robert F. Craig P.C. ("Craig"), and Raynor, Rensch & Pfeiffer ("Raynor"). Prosser, Craig, and Raynor have filed notices or motions to withdraw their motions for leave to appeal.

*Carroll v. Craig, et al.*
Civil No. 2014-35
Order
Page 3

this Court's Local Bankruptcy Rules, it states in pertinent part, that, "[t]he moving party may file a brief . . . as an attachment to the motion and the respondent may file a brief . . . as attachments to the response. Briefs shall be limited to twenty (20) pages." LBR 7008-1(C).

In this instance, Weisman has filed a motion which incorporates by reference many dozens or perhaps hundreds of pages filed in other adversary proceedings in the Bankruptcy Division and in this Court. This does not comply with the spirit of the twenty page rule. Furthermore, such a filing makes it impossible for the Court to determine if the extraordinary circumstances which would counsel an interlocutory appeal attend in this case. Rather than meeting Weisman's burden of showing the Court that such circumstances exist, Weisman asks, in essence, that this Court hunt through dozens or perhaps hundreds of pages in order to craft his arguments for him. Neither the standard for interlocutory appeals, 28 U.S.C. § 1292, nor this Court's local rules support granting leave to appeal in these circumstances.

The premises considered, it is hereby

**ORDERED** that Weisman's motion for leave to appeal is **DENIED**; and it is further

*Carroll v. Craig, et al.*
Civil No. 2014-35
Order
Page 4

**ORDERED** that the motion of defendant Prosser to withdraw its motion for leave to appeal is **GRANTED**; it is further

**ORDERED** that all other pending motions are **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez**
**District Judge**